IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

      v.                  *    Criminal No. DKC 96-0062

KARL NEWTON HARRIS       *

*\*\*

## MEMORANDUM OPINION

On March 15, 2012, Karl Newton Harris a/k/a Carl Alexander Murray, filed an unsigned letter seeking expungement (ECF No. 44). Harris requests expunction of the record to pursue his dream of becoming a Registered Nurse. The case may be determined on the papers before the Court. *See* Local Rule 105.6. (D. Md. 2008).

The court file reflects that on, October 15, 1996, Mr. Harris pled guilty to conspiracy to defraud the Government with respect to claims, false electronic tax returns, in violation of 18 U.S.C. § 286. Mr. Harris was sentenced to a ten month term of imprisonment followed by three years of supervised release, on March 3, 1997.

The view among the federal courts is that records of valid arrests, indictments, or convictions ordinarily may not be expunged. *See, e.g., United States v. Schnitzer*, 567 F.2d 536, 540 (2[d] Cir. 1977).[1] There is no particular federal statute or regulation which generally authorizes expungement for a federal offense. A federal court has only very limited equitable power to order the expungement of records in a criminal case and its discretionary authority to do so is a narrow one which is reserved for the unusual or exceptional case. *See United States v. Noonan*, 906 F.2d 952, 956 (3[d] Cir. 1990); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also Sealed Appellant v.*

---

[1]Indeed, if an arrest is made on probable cause or if an indictment is properly obtained, records of these events typically are not expunged, even if the charges are later dismissed. *United States v. Schnitzer*, 567 F.2d 536, 540 (2[d] Cir. 1977). The rationale for generally refusing to expunge such records is that an arrest or indictment has independent legal gravity, insofar as it shows the existence of probable cause to believe that a defendant committed a crime, even when the government ultimately fails to prove guilt. *Id.*

*Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam)*; Geary v. United States*, 901 F.2d 679, 679-80 (8th Cir. 1990). The Fourth Circuit has concurred with this reasoning in recognizing that there may be occasions where it is appropriate for a court to order an expungement because of "extreme or exceptional circumstances." *See, e.g.*, *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *Woodall v. Pettibone*, 465 F.2d 49, 52 (4th Cir. 1972).

Two opinions issued by this court provide some guidance as to federal court jurisdiction over expunction motions and the authority to expunge. In *United States v. Steelwright*, 179 F.Supp.2d 567 (D.Md. 2002), Magistrate Judge Paul W. Grimm surveyed the case law on the "special" circumstances that might warrant expungement. Judge Grimm noted that:

> Although a nebulous concept, "extreme or exceptional circumstances" has been characterized as occurring, for example, when the underlying arrest and conviction has been the result of official misconduct or the denial of a constitutional rights. *See United States v. Sweeney*, 914 F.2d 1260, 1264 (9th Cir. 1990) ("Even were expunction within the powers of the magistrate [judge], which we doubt, no government misconduct or unconstitutionality, statutory or otherwise, has been alleged."); *Allen*, 742 F.2d at 155 (quoting *Schnitzer*, 567 F.2d at 539); *Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir. 1982) (expungement available when defendant claimed his arrest was unconstitutional); *Schnitzer*, 567 F.2d at 539; *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967) (arrest record expunged because sole purpose behind arrest was to harass civil rights workers). Exceptional circumstances also have been demonstrated when the statute on which the arrest was based is subsequently found to be unconstitutional. *Kowall v. United States*, 53 F.R.D. 211 (W.D. Mich. 1971). There is also some authority, including this district, suggesting that an "extreme circumstance" possibly may be demonstrated by showing that the defendant "had been denied a security clearance or specific job opportunities, or had otherwise been materially harmed by the presence of the criminal records." *Stromick*, 710 F.Supp. at 614-615; *see also United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *Diamond v. United States*, 649 F.2d 496, 498 (7th Cir. 1981) ("If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.").

*Steelwright*, 179 F. Supp.2d at 573-74.

In *United States v. Gary*, 206 F.Supp.2d 741 (D.Md. 2002), Gary, who had been acquitted of drug charges, sought to expunge her record so that she could "fulfill[ ] her dream of becoming a police officer." *Id.* at 742. Judge Frederic N. Smalkin denied the request, finding that while the district court possesses ancillary jurisdiction to expunge criminal records, it did not have power to order expungement based on "equitable considerations," *e.g.*, enhancement of employment opportunities, and its jurisdiction was limited to expunging the record of an unlawful arrest or conviction or to correct a clerical error. *Id.* at 741. Judge Smalkin held that:

> Although there is no direct authority in this Circuit on the issue, this Court agrees with the Ninth Circuit and other circuits that this Court "possess[es] ancillary jurisdiction to expunge criminal records." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). However, as the *Sumner* court held, "a district court [does not have] the power to expunge a record of a valid arrest and conviction solely for equitable considerations. In our view, a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.* (Emphasis added.).

*See United States v. Gary*, 206 F.Supp.2d at 741-42.

Mr. Harris has not shown that he now suffers significant adverse consequences as a result of his conviction. In similar circumstances, other courts have declined to order expungement. *See United States v. Janik*, 10 F.3d 470, 472-73 (7th Cir. 1993); *United States v. Howard*, 275 F.Supp.2d 260, 263 (N.D.N.Y. 2003); *United States v. Aigle*, 199 F.Supp.2d 5, 7 (E.D.N.Y. 2002); *see also United States v. Peralta*, 2006 WL 1804449, at *2 (S.D. Ohio June 28, 2006). The unsigned letter does not establish equitable grounds to expunge the remaining court records. The request shall be denied by a separate order which follows.

Date:   April 3, 2012                                                    /s/
                                              DEBORAH K. CHASANOW
                                              United States District Judge